# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3697

_____

Talia Joseph,                                        *
                                                     *
              Petitioner,                            *
                                                     *
       v.                                            *    Petition for Review of
                                                     *    an Order of the Board
Alberto Gonzales,                                    *    of Immigration Appeals.
                                                     *
              Respondent.                            *      [UNPUBLISHED]
                                                     *

_____

Submitted: February 7, 2007
Filed: March 15, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.


Talia Joseph, a native and citizen of Haiti, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed the decision of the immigration judge (IJ), denying her requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Joseph also requests a stay of deportation.

We first hold that we lack jurisdiction to review the BIA's factual determination that Joseph's asylum application was untimely. See Yakovenko v. Gonzales, No. 05-

4123, 2007 WL 542233 at *3 (8th Cir. Feb. 23, 2007) (holding that a finding of untimeliness is a factual finding shielded from our review by 8 U.S.C. § 1158(a)(3)); see also Tolego v. Gonzales, 452 F.3d 763, 766 (8th Cir. 2006) ("[T]his court lacks jurisdiction to review either the IJ's determination that the asylum application was not timely filed or the Attorney General's decision rejecting the applicant's complaint of changed circumstances."). Also, because Joseph does not allege a legal error or a constitutional violation such as a denial of due process, her asylum claim does not fit within the limited jurisdictional grant contained in the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(a)(1)(A)(iii), 119 Stat. 231, 310 (2005) (codified in relevant part at 8 U.S.C. § 1252(a)(2)(B) and (D)).

With respect to Joseph's requests for withholding of removal and CAT relief, we note that the IJ found Joseph not credible and expressly denied all forms of relief based on this finding. The IJ also listed various alternative and specific reasons for denying relief. For example, the IJ listed as an alternative ground for denying withholding of removal the fact that Joseph alleged persecution motivated by her refusal to participate in illegal activity and not based on her political views or her membership in a protected group. Notwithstanding these alternative grounds for denying relief, it remains clear that the IJ expressly denied all forms of relief based on the general conclusion that Joseph's testimony was not credible and her story was unbelievable.

The BIA, upon review, held that Joseph failed to demonstrate that the adverse credibility finding was clearly erroneous. We owe considerable deference to this underlying credibility determination and must affirm "unless the evidence compels a conclusion to the contrary." Kenyeres v. Ashcroft, 538 U.S. 1301, 1306 (2003). Here, the credibility determination enjoyed substantial support, the IJ carefully enumerated specific and cogent reasons for disbelieving Joseph, and the record does not compel a contrary conclusion. Given the breadth of the adverse credibility determination in this case, it precludes both forms of requested relief. See, e.g.,

Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006) (holding that where withholding of removal and CAT claims were "based on the same discredited testimony, the BIA properly concluded that the adverse credibility finding is fatal to all . . . claims").

Accordingly, we deny the petition. See 8th Cir. R. 47B. Joseph's request for a stay of deportation is also denied.

_____